**ARROW UNIFORM RENTAL, INC., and Michael Harvey, Defendants–Appellants,**

v.

**Martin SUTER, III and Cathy Ann Suter, Plaintiffs–Appellees.**

**No. 37A03–8906–CV–275.**

Court of Appeals of Indiana, Third District.

Oct. 30, 1989.

Michael J. Anderson, Edward N. Kalamaros & Associates, P.C., South Bend, for defendants-appellants.

Kenneth D. Reed, Shirley K. Comer, Abrahamson, Reed, Adley & Enslen, Hammond, for plaintiffs-appellees.

HOFFMAN, Judge.

Defendants-appellants Arrow Uniform Rental, Inc. (Arrow) and Michael Harvey bring an interlocutory appeal from the denial of their motion for summary judgment. In its ruling on the summary judgment motion, the trial court determined that the claims of the plaintiffs-appellees, Martin Suter III and Cathy Suter, were not barred by the exclusivity provision of the Indiana Worker's Compensation Act. *See* IND. CODE § 22–3–2–6 (1988 Ed.). Arrow and Harvey contend that the trial court's determination was contrary to law.

The facts relevant to this appeal may be summarized as follows. On December 24, 1987, Arrow hosted a Christmas party for its employees. The party was held on Arrow's premises at 4545 Calumet Avenue in Hammond, Indiana during regular work hours. The employees were invited to go to the company cafeteria-lounge, where chicken, pizza and soft drinks were provided by Arrow. Alcoholic beverages were available in the front office for consumption by management and certain members of the labor force.

Cathy Suter, a floor supervisor at Arrow, alleged that she was sexually assaulted and battered by three co-employees during the Christmas party. She and her husband Martin filed suit, arguing that the injuries sustained by Cathy were the direct and proximate result of the willful and wanton misconduct and gross negligence of Arrow and its manager, Michael Harvey, in sponsoring the Christmas party without proper

rules and supervision; permitting alcoholic beverages to be consumed during regular work hours on company premises; and failing to control the premises and the employees.

The issue before this Court is whether the Suters' cause of action is barred by the exclusive remedy provision of the Indiana Worker's Compensation Act, IND.CODE § 22–3–2–2 et seq. (1988 Ed.). The Worker's Compensation Act excludes common-law rights and remedies of an employee against her employer for personal injury or death if three statutory jurisdictional prerequisites are met:

1) personal injury or death by accident;
2) personal injury or death arising out of employment; and
3) personal injury or death arising in the course of employment.

IND.CODE § 22–3–6–1(e) (1988 Ed.); see also Evans v. Yankeetown Dock Corp. (1986), Ind., 491 N.E.2d 969, 973. Actions for employee injuries or death which do not meet each of the jurisdictional prerequisites are not excluded and may be pursued in the courts. Evans, supra, at 973.

The first requirement of "personal injury or death by accident" is satisfied if the injury or death is unexpected. Id at 975. From the uncontroverted facts of the case at bar, it is apparent that Cathy Suter did not intend or expect that injury would result from her presence at the work site during the employee Christmas party. Nonetheless, Cathy argues against the conclusion that she sustained accidental injury by stressing that she was the victim of an intentional assault and not an accident. Such an argument ignores the clear and express language of IND.CODE § 22–3–6–1(e). The statutory language "by accident" must be applied literally, rather than reinterpreted by inserting the article "an" as if written "by an accident." Evans, supra, at 974.

The Suters next contend that Cathy's injuries did not arise out of her employment. An injury arises out of the employment when there is a causal relationship between the injury and the employment. Id. at 975.

The Suters' cause of action against Arrow and its manager, Harvey, is predicated upon a causal connection between Cathy's alleged injuries and her employment. The Suters complain of "negligence of defendant Arrow and its Manager, defendant Michael Harvey, in sponsoring the Christmas party without proper rules and supervision; permitting alcoholic beverages to be consumed during regular work hours on company premises; failing to control the premises, the employees or the general situation at all, exposing Cathy Ann Suter to the tragedy which befell her; and failing to provide a safe place for Mrs. Suter to work." Because the gravamen of the Suters' tort action is the alleged breach of duty of Cathy's employers, the Suters cannot now contend that there is no causal connection between Cathy's injuries and her employment. See id.; see also Fields v. Cummins Emp. Fed. Credit Union (1989), Ind.App., 540 N.E.2d 631, 635.

The final jurisdictional prerequisite, "personal injury or death arising in the course of employment", refers to the time, place and circumstances of the injury. Fields, supra, at 637. In the instant case, the alleged assault occurred during regular work hours on the business premises of Arrow, at a time when Arrow was hosting an employee Christmas party. Cathy's injuries arose in the course of employment.

The injuries suffered by Cathy Suter occurred by accident arising out of and in the course of her employment. Accordingly, the Suters' tort action against Arrow and its manager was barred by IND.CODE § 22–3–2–6 (1988 Ed.). The trial court erred by denying the motion for summary judgment filed by Arrow and Harvey.

Reversed.

STATON, J., concurs.

CHEZEM, P.J., concurs in result without opinion.